IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IAN ANDRE CARR,

        Petitioner,

v.                                                  Civil Action No. 3:07CV10
                                                     Criminal Action No. 3:04CR50
UNITED STATES OF AMERICA,           (JUDGE BAILEY)

        Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On April 19, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] On August 23, 2005, a Report and Recommendation was filed recommending that the Motion be denied and dismissed without prejudice because petitioner had an appeal pending before the Fourth Circuit Court of Appeals.[2] By an unpublished opinion filed January 18, 2006, the Fourth Circuit Court of Appeals affirmed petitioner's conviction.[3] On February 1, 2006, the Report and Recommendation denying the Motion to Vacate was adopted by the Honorable W. Craig Broadwater, U.S. District Judge.[4] Subsequently, on January 18, 2007, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate,

---

[1] Docket No. 78

[2] Docket No. 82

[3] Docket No. 85

[4] Docket No. 86

1

Set Aside or Correct Sentence by a Person in Federal Custody.[5] The Government filed its response and an amended response February 27, 2007.[6]

## II. FACTS

**A.** **Conviction and Sentence**

Petitioner was named in a one-count indictment filed on July 21, 2004, in the Northern District of West Virginia. Count one charged petitioner as being a prohibited person (felon) in possession of a firearm in violation of 18 United States Code sections 922(g)(1) and 924(a)(2).

Petitioner proceeded to trial by jury and was found guilty of count one on October 13, 2004. On February 22, 2005, petitioner was sentenced to 10 years imprisonment.

**B.** **Appeal**

Petitioner filed a notice of appeal on February 28, 2005. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence on January 18, 2006.

**C.** **Federal Habeas Corpus**

Petitioner contends:

1) His sentence was imposed in violation of United States v. Booker, 543 U.S. 220(2005).

2) The Government failed to prove the interstate nexus for the firearm.

3) His counsel rendered ineffective assistance by failing to investigate the case and
    failing to argue for mitigation of petitioner's sentence.

4) The evidence was insufficient.

---

[5] Docket No. 91

[6] Docket Nos. 94, 95

2

The Government contends:

1) Petitioner's sentence did not violate Booker.

2) The Government proved the required interstate nexus for the firearm.

3) Petitioner's counsel was not ineffective.

4) Petitioner is procedurally barred from challenging the sufficiency of the evidence.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are without merit or procedurally barred.

### III. ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B      Procedurally Barred Claims**

Before evaluating the merits of petitioner's claims, the Court must determine which of petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional

errors that were capable of being raised on direct appeal but were not may raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Petitioner's Claim #1: The Court finds petitioner is barred from alleging his sentence violates Booker because petitioner did not raise this issue on direct appeal and has failed to demonstrate "cause" for his procedural default. While attorney error meeting the requirements of Strickland v. Washington, 466 U.S. 668 may serve as the "cause" for a petitioner's procedural default, petitioner has failed to demonstrate his counsel's failure to raise the Booker issue on direct appeal fell below an objective standard of reasonableness or prejudiced him. Accordingly, petitioner is procedurally barred from raising his first claim.

Petitioner's Claim #2 and #4: The Court finds petitioner is barred from bringing his second and fourth claim alleging insufficiency of evidence. Petitioner, on direct appeal, challenged the sufficiency of the evidence in support of his conviction. The Fourth Circuit Court of Appeals rejected petitioner's claim. See United States of America v. Ian Andre Carr, No. 05-4278, slip op. at 3 (4th Cir. 2006). Pursuant to Boeckenhaupt, 537 F.2d at 1182, petitioner is now barred from raising the same challenge in a collateral attack.

Petitioner's Claim #3: Petitioner may raise the issue of his counsel's ineffectiveness because claims of ineffective assistance of counsel are more appropriately raised on collateral attack than on direct appeal. See Richardson, 195 F.3d at 192.

C. **Claim # 1: Whether Petitioner's Sentence Violated *Booker*.**

In ground one, petitioner claims that his sentence violates United States v. Booker, 543 U.S. 220 (2005). In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held "other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296, 301-303 (2004), the Supreme Court applied Apprendi to the State of Washington's sentencing scheme and found that the imposition of sentencing enhancements based solely on factual findings made by the court and neither admitted by the defendant or found by a jury violated the Sixth Amendment. Blakely was in turn applied to the federal sentencing guidelines in United States v. Booker, 543 U.S. 220, 243 (2005).

The Court finds petitioner's argument is without merit. Pursuant to 18 U.S.C. section 924(a)(2), the maximum sentence for a violation of section 922(g) is ten years. Petitioner was sentenced to ten years imprisonment for count one. Petitioner's sentence, therefore, did not exceed the statutory maximum. Accordingly, Booker is inapplicable.

D. **Claim # 2: Whether the Government Failed to Prove the Interstate Nexus for the Firearm**.

To sustain a conviction under 18 U.S.C. section 922(g)(1), the Government must prove 1) the defendant was a convicted felon, 2) the defendant knowingly possessed the firearm, and 3) the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th

5

Cir. 2001). Petitioner contends the prosecution failed to prove the interstate nexus for the firearm. The Government contends it sufficiently proved the gun moved through interstate commerce prior to the shooting.[7]

In reviewing the sufficiency of evidence, the Court must view the evidence in the light most favorable to the prosecution and then determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. Graham v. Angelone, 191 F. 3d 447 (4th Cir. 1999). The Court must "consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from facts proven to facts sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Additionally, the Court must not undertake to evaluate the credibility of a witness, because the witness' credibility is within the sole province of the jury and is not susceptible to review. United States v. Saunders, 886 F.2d 56 (4th Cir.1989).

In the present case, there was witness testimony identifying the gun petitioner is accused of possessing and establishing that gun was not manufactured in West Virginia and was therefore moved in interstate commerce prior to the shooting. Because the jury is responsible for evaluating the credibility of witnesses, this court will refrain from re-evaluating the witness testimony. In viewing the evidence in the light most favorable to the government, the Court finds petitioner has failed to demonstrate the insufficiency of the evidence in support of the third element. For these reasons, petitioner's claim fails.

---

[7] In addition to alleging the evidence was sufficient, the Government relies on the Fourth Circuit's mention to the fact the parties did not contest the gun's connection with interstate commerce. See United States of America v. Ian Andre Carr, No. 05-4278, slip op. at 3 (4th Cir. 2006).

**E.     Claim # 3: Whether Petitioner's Counsel Rendered Ineffective Assistance**

Petitioner claims his counsel was ineffective in failing to adequately investigate the case and argue for mitigation of sentence. More specifically, petitioner claims his counsel 1) failed to investigate petitioner's physical position in relation to the victim at the crime scene, 2) failed to argue witness Sandra Lynn Carr lied in her testimony, and 3) failed to argue petitioner's sentence violated Booker.

Counsel's conduct is measured under the two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

The Court finds petitioner's allegations do not warrant relief because petitioner has failed to show his counsel's conduct was deficient or prejudicial. First, petitioner has failed to identify what physical or testimonial evidence related to the crime scene gave rise to his counsel's duty to further investigate the crime scene. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir.

7

1990) [a petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings.] Second, petitioner has failed to demonstrate Sandra Carr committed perjury and that a reasonable attorney would have objected to Ms. Carr's testimony. Finally, as discussed above in relation to Claim #1, there is no evidence petitioner's sentence violated Booker such that his counsel had a duty to raise Booker at sentencing.

F.     **Claim # 4: Whether the Evidence Was Sufficient**

Petitioner claims there was insufficient evidence to support his conviction. The Government contends petitioner is barred from raising his claim because he raised it on direct appeal and lost.

The Court agrees with the Government. As discussed above, petitioner is procedurally barred from raising this issue on collateral attack because the issue was raised on direct appeal and rejected by the Fourth Circuit. See Boeckenhaupt, 537 F.2d at 1182. However, even if petitioner were permitted to challenge the sufficiency of the evidence, his claim is without merit. First, the parties stipulated petitioner was a convicted felon. Second, there was witness testimony identifying the gun petitioner is accused of possessing and establishing that gun was not manufactured in West Virginia and was therefore moved in interstate commerce prior to the shooting. In viewing the evidence in the light most favorable to the government, the Court finds petitioner has failed to demonstrate the insufficiency of the evidence in support of his conviction.

## IV.  Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are without merit or procedurally barred.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: February 28, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE