# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**IAN ANDRE CARR,**
    Petitioner,

v.                                     **Civil Action No.   3:07CV10**
                                          **Crim. Action No.  3:04CR50**
                                          **(BAILEY)**

**UNITED STATES OF AMERICA,**
    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1) and the petitioner's corresponding objections (Civ. Doc. 4). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections to the proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. ***See Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Crim. Doc. 96; Civ. Doc. 3)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28

U.S.C. § 2255 are as follows. On July 21, 2004, petitioner was named in a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At trial, the jury found petitioner guilty, and, as a result, the Court sentenced the petitioner to a 10 year term of incarceration. Subsequently, petitioner unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his sentence and conviction on January 18, 2006. It bears mention that, prior to filing the petition at issue, the plaintiff filed a motion under 28 U.S.C. § 2255, which this Court dismissed without prejudice in light of the petitioner's pending appeal.

Following the denial of his appeal, petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1). In support, petitioner argues that his sentence violates the principles announced by the United States Supreme Court in **United States v. Booker**, 543 U.S. 220 (2005), that the United States failed to sufficiently prove the interstate nexus for the firearm at issue, and that there is insufficient evidence to support his conviction. In addition, the petitioner contends that his counsel rendered ineffective assistance by failing to investigate the crime scene, by failing to argue against the imposition of the sentence on **Booker** grounds, and by failing to object to sentencing enhancements and the Government's case in chief. In response, the United States contends that petitioner's sentence did not violate **Booker**, that the prosecution sufficiently proved the required interstate nexus, that petitioner is procedurally barred from challenging the sufficiency of the evidence, and that petitioner's counsel was not ineffective.

Upon consideration, the Magistrate Judge recommended that the petition be dismissed as the petitioner's claims are either without merit or are procedurally barred. In

response, the petitioner objects that the Magistrate Judge failed to consider his Reply to the Response by the United States, that the failure of the prosecution to establish the requisite interstate nexus is a jurisdictional issue, and thus, cannot be procedurally defaulted, that insufficient evidence supports the finding of the interstate nexus, and that counsel was ineffective.

In regard to plaintiff's first objection, the Court agrees with the findings of the Magistrate Judge. Initially, it should be noted that shortly after the issuance of the Magistrate Judge's Report and Recommendation, the petitioner filed a Motion for Reconsideration (Crim. Doc. 100) alleging that prison officials withheld his Reply from outgoing mail "for whatever reasons beyond his control." After review, the Magistrate Judge denied petitioner's motion finding no factual or legal basis to support the requested relief. While the Court is highly skeptical of petitioner's unsupported assertions, the Court will nevertheless consider the arguments contained in the attached Reply. However, after a thorough review of petitioner's supplemental arguments, the Court finds no reason to disturb the findings of the Magistrate Judge.

Next, while conceding that he is barred from alleging a **Booker** challenge on collateral attack, petitioner objects that the failure of the prosecution to establish the requisite interstate nexus is a jurisdictional issue, and thus, cannot be procedurally defaulted. In addition, petitioner asserts that there is insufficient evidence to support the finding that an interstate nexus existed. As noted by the United States Court of Appeals for the Fourth Circuit, in order to sustain a conviction under 18 U.S.C. § 922(g)(1) the Government must show that the defendant is a convicted felon, that the defendant knowingly possessed a firearm, and that the firearm traveled in interstate commerce.

*United States v. Gallimore*, 247 F.3d 143, 136 (4th Cir. 2001). Furthermore, in reviewing a challenge to the sufficiency of the evidence, a court must view the evidence in the light most favorable to the prosecution to determine whether, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. In doing so, the court must "consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from facts proven to facts sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

In evaluating this contention, it is clear that the petitioner has failed to carry his burden. In particular, witness testimony at trial indicated that the gun petitioner was accused of possessing was not made within the state, and therefore, moved in interstate commerce prior to the shooting. In light of the above standard, the Court is convinced that sufficient evidence supports the finding that requisite interstate nexus existed. As such, petitioner's objection must fail.

Similarly, the Court finds that petitioner's claims regarding ineffective assistance of counsel are without merit. Specifically, petitioner contends that his counsel was ineffective for failing to properly research the appropriate facts and law, for failing to bring to light mitigating circumstances at sentencing, for not challenging the asserted lack of the requisite interstate nexus at trial or on appeal, for failing to object to the presentation of evidence on 404(b) grounds, and for failing to object to sentencing enhancements which purportedly took petitioner well beyond the statutory maximum for the charged offense. In addition, petitioner reasserts his argument that counsel was ineffective for failing to challenge his sentence on *Booker* grounds.

In ***Strickland v. Washington***, 466 U.S. 688 (1984), the United States Supreme Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under ***Strickland***, the defendant must first show that his counsel's performance "fell well below an objective standard of reasonableness." ***Id.*** at 687-88. Provided that this showing is made, the Court must still find that the results of the proceeding would have been different but for counsel errors. ***Id.*** at 687.

Turning to the case at bar, because trial counsel's performance fell within the objective standard of reasonableness contemplated by ***Strickland***, petitioner's claims are without merit. In particular, in the context of the alleged shortcomings in counsel's research and investigation, petitioner has failed to identify with particularity any errors or omissions on the part of counsel. A review of the above standard makes clear that ***Strickland*** requires more than the bald assertion that, had counsel not been ineffective he would have uncovered some undisclosed evidence or argument necessitating acquittal. Similarly, petitioner's argument that counsel was ineffective for failing to present mitigating circumstances must also fail. Here, petitioner has failed to identify any mitigating circumstances, and as such, the Court cannot say that counsel's decision not to present such unidentified circumstances fell below an objective standard of reasonableness. Furthermore, as indicted above, witness testimony established that the firearm in question traveled in interstate commerce, and thus, it cannot be said that counsel was ineffective for failing to object at trial and on direct appeal.

Concerning the petitioner's purported evidentiary basis for ineffective assistance of counsel, the Court finds that counsel's performance did not fall below an objective standard

of reasonableness. Here, petitioner appears to argue that counsel was ineffective for failing to object to the United States' attempts to establish possession of the firearm in relation to another crime in violation of 404(b). Initially, the Court notes that petitioner appears to raise this argument for the first time in his objections to the Report and Recommendation. Nevertheless, the petitioner has failed to establish how such evidence is inadmissible under Fed. R. Evid. 404(b), and as such, counsel's failure to object cannot be considered error. *See United States v. Grimmond*, 137 F.3d 823, 831-32 (4th Cir. 1998) (holding that, in a prosecution for being a felon in possession of a firearm, evidence that the defendant shot two people was relevant to proving possession and element of the crime charged, and thus was not other crimes evidence under Rule 404(b)).

Similarly, after evaluating petitioner's objection that counsel's performance was ineffective for failing to object to enhancements that moved his sentence beyond the statutory maximum, the Court finds the same to be without merit. Here, plaintiff's contention is simply factually and legally inaccurate. Pursuant to 18 U.S.C. § 924(a), the maximum sentence for a violation of 922(g) is 10 years, the sentence ultimately received by petitioner. Therefore, it cannot be said that counsel's performance was ineffective for failing to object to enhancements that took the petitioner beyond the statutory limit, as this scenario did not occur.

Moreover, petitioner's attempts to peg counsel as ineffective for failing to raise *Booker* arguments at sentencing and on direct appeal are equally without merit. Again, as properly noted by the Magistrate Judge, petitioner did not receive a sentence in excess of the statutory maximum. As such, his sentence cannot be said to violate *Booker,* and

counsel cannot be said to be ineffective on such grounds.

Lastly, the Court finds that petitioner is procedurally barred from raising a general challenge to the sufficiency of the evidence. The law of this Circuit is clear that issues previously rejected on direct appeal may not be raised again in a collateral attack. ***Boeckenhaupt v. United States***, 537 F.2d 1182 (4th Cir. 1976). Therefore, because petitioner unsuccessfully raised his sufficiency challenge on direct appeal, he is barred from doing so again in a collateral attack.

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Crim. Doc. 96; Civ. Doc. 3)** is **ORDERED ADOPTED**;

2. That the **Petition for Writ of Habeas Corpus (Crim. Doc.91; Civ. Doc. 1) is DENIED;** and

3. That **Petitioner's Motion to Continue (Crim. Doc. 98) is DENIED as MOOT;**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**:  June 20, 2008.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE